```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
TRUSTEES OF THE LOCAL 7 TILE
INDUSTRY WELFARE FUND,
TRUSTEES OF THE LOCAL 7 TILE
INDUSTRY ANNUITY FUND,                              10CV322 (SJ) (ALC)
TRUSTEES OF THE TILE LAYERS
LOCAL UNION 52 PENSION FUND,
TRUSTEES OF THE BRICKLAYERS                         REPORT AND
& TROWEL TRADES INTERNATIONAL                       RECOMMENDATION
PENSION FUND, AND TRUSTEES OF
THE INTERNATIONAL MASONRY
INSTITUTE,

                Plaintiffs,

        v.

CITY TILE, INC.,

                Defendant.
--------------------------------------------------X
```

**CARTER, United States Magistrate Judge**:

The Honorable Sterling Johnson, Jr. referred this matter to the undersigned for a Report and Recommendation on plaintiffs' motion for default judgment, damages and fees. Based on plaintiffs' submissions, and for the reasons below, the I recommend entering default judgment against defendant City Tile, Inc. ("Defendant" or "City Tile"), but denying the motion as to damages, with leave to re-file. I also recommend holding in abeyance Plaintiffs' motion for attorneys' fees.

BACKGROUND

Plaintiffs, who are Trustees of the Local 7 Tile Industry Welfare Fund, Trustees of the Local 7 Tile Industry Annuity Fund, Trustees of the Tile Layers Local Union 52 Pension Fund,

Trustees of the Bricklayers & Trowel Trades International Pension Fund, and Trustees of the International Masonry Institute ("Plaintiffs"), bring this action pursuant to §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145, and pursuant to §301 of the Labor Management Relations Act (the "Taft-Hartley Act"), 29 U.S.C. § 185. Plaintiffs are employer and employee trustees of various multiemployer trust funds governing contributions to employees, and covered by collective bargaining agreements ("CBAs"). Defendant City Tile, Inc. ("Defendant" or "City Tile") is a signatory to one such CBA requiring it to make certain contributions for its tile setters and tile finishers. Plaintiffs allege that City Tile failed to make required contributions that were determined overdue as a result of Plaintiffs' July 2009 audit of year 2008. City Tile was properly served but failed to answer or move in any regard with respect to the Complaint. On May 13, 2010, Plaintiffs moved for default judgment and on May 27, 2010, the Clerk of the Court made a notation of same pursuant to Federal Rule of Civil Procedure 55(a).

I. *Liability*

On a motion for default judgment, the Court takes the well-pleaded allegations of the Complaint as true. Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.3d 155, 158 (2d Cir. 1992); Cablevision Sys. of New York City Corp. v. Torres, No. 02 CV 7602 (AJP), 2003 WL 22078938, at *3 (S.D.N.Y. Sept. 9, 2003). "The court is to exercise sound judicial discretion" in determining whether the entry of default judgment is appropriate. Baidan Brandaid Comm. Corp., No. 03 CV 2424 (DC), 2004 WL 1933573, at *2 (S.D.N.Y. Aug. 30, 2004). In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their

sufficiency to state a claim." Telequip Corp. v. Change Exch., No. 01 CV 1748 (FJS)(GJD), 2004 WL 1739545 (N.D.N.Y. 2004).

The Taft-Hartley Act vests the Court with jurisdiction over civil actions for violations of contracts between an employer and a labor organization that affect commerce. See 29 U.S.C. § 185. Additionally, ERISA vests the court with jurisdiction over civil actions brought by fiduciaries of employee benefit plans to enforce provisions of such plans. See 29 U.S.C. §§ 1002(21), 1002(37); 1132(d)(1). Contributions due under a CBA must be made according to the terms of the agreement. See 29 U.S.C. § 1145. Under 29 U.S.C. § 1132(g), an award, if rendered, shall include interest, liquidated damages and fees and costs.

Here, the Complaint alleges that Plaintiffs and Defendant are parties to a CBA obligating City Tile, an employer under ERISA, to make certain contributions into the Funds. Plaintiffs allege that they performed an audit of City Tile's books and records for 2008 and that the audit revealed unpaid fringe benefit contributions to both the three local funds and the two international funds, in the amount of $43,262.78, and $6,572.81, respectively, exclusive of interest and costs. The CBA, incorporated by reference into the Complaint, evinces City Tile's intention to be bound thereby, and provides wage schedules for the period covering the year 2008, when the audit took place. The Funds have therefore established that they have standing to bring this action under ERISA and the Taft-Hartley Act. The Funds also successfully allege the application of the relevant ERISA and Taft-Hartley Act terms to the instant dispute. Therefore, I recommend granting the motion for default judgment as to liability.

I.   *Damages*

In evaluating a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court must accept as true the well-pleaded allegations in the complaint. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 154-5 (2d Cir. 1999). The same is not true with respect to damages. "[T]he district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty." House v. Kent Worldwide Machine Works, Inc., No. 09 CV 146, 2010 WL 10020, at * 1 (2d Cir. Jan. 4, 2010). Proof of damages must therefore be based on admissible, authenticated evidence. House, 2010 WL 10020, at *1 (collecting cases). In conducting a damages inquiry, the court need not hold a hearing "as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). The court may rely on affidavits or documentary evidence in evaluating the fairness of the damages requested. See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993); Chun Jie Yin v. Kim, No. 07 CV 1236 (DLI)(JO), 2008 WL 906736, at *2 (E.D.N.Y. Apr. 1, 2008) (collecting cases).

In this case, Plaintiffs' attorney submitted a declaration attached to documents purporting to calculate Defendant's liability. Specifically, the declaration is accompanied by a copy of the CBA, including wages schedules; a letter to City Tile apprising it of the audit findings of Marshall & Moss Payroll Compliance Services, LLC; and what appears to be a detailed account of those findings. (Docket No. 6.) However, the submissions allege no personal knowledge of the documents on which this audit report was based and does not bear the sworn imprimatur of the custodian of these documents. "The absence of an affidavit by a person with actual knowledge of the facts, supported by appropriate documentation, deprives the court of the ability

to make an independent assessment of the damages to be awarded." LaBarbera v. Rockwala, Inc., No. 06 CV 6641 (CPS) (VVP), 2007 WL 3353869, at *6 (E.D.N.Y. Nov. 8, 2007) (denying application for damages in ERISA action where only submission in support thereof was attorney affirmation) (citation omitted); Haines v. Cayuga Millwork, Inc., No. 06 CV 58 (NAP)(DEP), 2007 WL 2874467, at *3 (N.D.N.Y. Sept. 27, 2007) (introduction, though plaintiffs' counsel, of facts and documents on which plaintiffs' calculation of damages rests is insufficient to require entry of damages). Accordingly, I recommend denying Plaintiffs' application for damages with leave to renew "upon an appropriate affidavit or affidavits by people with actual knowledge who can properly authenticate the funds' damages and the records." LaBarbera, 2007 WL 3353869, at *6.

## CONCLUSION

For the foregoing reasons, I recommend granting Plaintiffs' motion for default judgment as to liability, and denying the motion as to damages, with leave to renew within 30 days of the Court's disposition of this Report and Recommendation. I also recommend holding Plaintiffs' motion for attorneys' fees in abeyance pending the submission of attorney affidavits for any services rendered in the re-filing of their motion for damages. Any subsequent application shall be accompanied by a Certificate of Service. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation. Such objections shall be filed on ECF. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

DATED: February 18, 2011  _____/s/_____
       Brooklyn, New York         Andrew L. Carter, U.S.M.J.