UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

TRUSTEES OF THE LOCAL 7 TILE
INDUSTRY WELFARE FUND,
TRUSTEES OF THE LOCAL 7 TILE
INDUSTRY ANNUITY FUND,
TRUSTEES OF THE TILE LAYERS
LOCAL UNION 52 PENSION FUND,
TRUSTEES OF THE BRICKLAYERS &
 TROWEL TRADES INTERNATIONAL
PENSION FUND, and TRUSTEES OF
THE INTERNATIONAL MASONRY
INSTITUTE,

    Plaintiffs,

                10 CV 322 (SJ) (ALC)

  -against-

                **MEMORANDUM &**
                **ORDER**

CITY TILE, INC.,

    Defendant.

-------------------------------------------------X

APPEARANCES

VIRGINIA & AMBINDER LLP
111 Broadway
14th Floor - Suite 1403
New York, NY 10006
By: Charles R. Virginia
   Judy Wong
Attorneys for Plaintiffs

JOHNSON, Senior District Judge:

1

The Trustees of the Local 7 Tile Industry Welfare Fund, the Trustees of the Local 7 Tile Industry Annuity Fund, the Trustees of the Tile Layers Local Union 52 Pension Fund, the Trustees of the Bricklayers & Trowel Trades International Pension Fund, and the Trustees of the International Masonry Institute (collectively, "Plaintiffs") brought this action, pursuant to §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(a)(3) and 1145, and the Labor Management Relations Act of 1947 § 185, against defendant City Tile, Inc. ("Defendant"). (Compl. ¶ 1.) The Complaint alleges that Defendant failed to remit contributions to the Funds as required pursuant to a Collective Bargaining Agreement ("CBA"). Defendant, who is not represented by counsel in this matter, was properly served but never responded to the Complaint and failed to appear before the Court in connection with this case. The matter was referred to arbitration on March 15, 2010. However, no date was set for such proceedings. Still not having received any correspondence from the Defendants, the Certificate of Default was entered on May 27, 2010.

On June 1, 2010, the motion was referred to Magistrate Judge Andrew L. Carter for a Report and Recommendation ("Report"). Magistrate Judge Carter set a briefing deadline for Defendants to oppose the motion, and ordered Plaintiffs to send a copy of the Order to Defendants and to file an affidavit of service. Said affidavit was filed on June 11, 2010, yet no response was filed by Defendants. On February 18, 2011, Magistrate Judge Carter issued a Report recommending that this

2

Court: (1) grant the motion for default judgment as to liability; (2) deny the motion as to damages, with leave to renew within 30 days of the Court's disposition of the Report; and (3) hold Plaintiffs' motion for attorneys' fees in abeyance pending the submission of attorney affidavits for any services rendered in the re-filing of their motion for damages. (Report at 3–5.)

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 14 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. If either party objects to the magistrate judge's recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See id.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, objections to Magistrate Judge Carter's recommendations were due within 14 business days of receipt of the February 18, 2011 decision, or at the

latest by March 7, 2011. No objections to the Report were filed with this Court. Upon review of the recommendations, this Court adopts and affirms Magistrate Judge Carter's Report in its entirety.

**SO ORDERED.**

DATED: March 8, 2011
        Brooklyn, New York　　　　Hon. Sterling Johnson, Jr., Senior U.S.D.J.