UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES OF THE LOCAL 7 TILE INDUSTRY
WELFARE FUND, TRUSTEES OF THE LOCAL 7
TILE INDUSTRY ANNUITY FUND, TRUSTEES
OF THE TILE LAYERS LOCAL UNION 52
PENSION FUND, TRUSTEES OF THE
BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND, and
TRUSTEES OF THE INTERNATIONAL
MASONRY INSTITUTE,

    Plaintiffs,      **REPORT AND**
              **RECOMMENDATION**

 -against-         10-cv-322 (SJ) (ALC)

**CITY TILE, INC.,**

    Defendant.
----------------------------------------------------------------X

**CARTER, UNITED STATES MAGISTRATE JUDGE:**

  The Honorable Sterling Johnson, Jr. referred this matter to me for a Report and Recommendation on Plaintiffs' motion for default judgment, damages and fees. Based on Plaintiffs' submissions, and for the reasons stated in my Report and Recommendation dated February 18, 2011, I recommended entering default judgment against defendant City Tile, Inc. ("Defendant" or "City Tile"), but denying the motion as to damages, with leave to re-file. I also recommended holding in abeyance Plaintiffs' motion for attorneys' fees. In an Order dated March 10, 2011, Judge Johnson adopted and affirmed the Report and Recommendation in its entirety. Plaintiffs timely filed written submissions in further support of their application for damages. Based on these submissions, and for the reasons below, I now recommend granting

1

Plaintiffs' motion as to damages. Further, I recommend granting Plaintiffs' motion for attorneys' fees.

BACKGROUND

Plaintiffs, who are Trustees of the Local 7 Tile Industry Welfare Fund, Trustees of the Local 7 Tile Industry Annuity Fund, Trustees of the Tile Layers Local Union 52 Pension Fund ("Local 7 Benefit Funds"), Trustees of the Bricklayers & Trowel Trades International Pension Fund ("IPF"), and Trustees of the International Masonry Institute ("IMF") (collectively, "Plaintiffs"), bring this action pursuant to §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, and pursuant to § 301 of the Labor Management Relations Act (the "Taft-Hartley Act"), 29 U.S.C. § 185. Plaintiffs are employer and employee trustees of various multiemployer trust funds governing contributions to employees, and covered by collective bargaining agreements ("CBAs"). Defendant City Tile, Inc. ("Defendant" or "City Tile") is a signatory to one such CBA requiring it to make certain contributions for its tile setters and tile finishers. Plaintiffs allege that City Tile failed to make required contributions that were overdue as determined by Plaintiffs' July 2009 audit of the year 2008. City Tile was properly served but failed to answer or move in any regard with respect to the Complaint. On May 13, 2010, Plaintiffs moved for default judgment and on May 27, 2010, the Clerk of the Court made a notation of same pursuant to Federal Rule of Civil Procedure 55(a).

In my Report and Recommendation dated February 18, 2011, I found that the Funds had standing to bring this action under ERISA and the Taft-Hartley Act, and that the Funds also successfully alleged the application of the relevant ERISA and Taft-Hartley Act terms to the instant dispute. Therefore, I recommended granting the motion for default judgment as to

liability. However, for reasons discussed below, I recommended denying Plaintiffs' application for damages with leave to renew.

DISCUSSION

I. *Damages*

In evaluating a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court must accept as true the well-pleaded allegations in the complaint. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 154-5 (2d Cir.1999). The same is not true with respect to damages. "[T]he district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty." House v. Kent Worldwide Mach. Works, Inc., No. 09 CV 146, 2010 WL 10020, at *1 (2d Cir. Jan. 4, 2010). Proof of damages must therefore be based on admissible, authenticated evidence. House, 2010 WL 10020, at *1 (collecting cases). In conducting a damages inquiry, the court need not hold a hearing "as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir.1997). The court may rely on affidavits or documentary evidence in evaluating the fairness of the damages requested. See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir.1993); Chun Jie Yin v. Kim, No. 07 CV 1236(DLI)(JO), 2008 WL 906736, at *2 (E.D.N.Y. Apr. 1, 2008) (collecting cases).

In their initial application for damages, Plaintiffs' attorney submitted a declaration attached to documents purporting to calculate Defendant's liability. Specifically, the declaration was accompanied by a copy of the CBA, including wages schedules; a letter to City Tile apprising it of the audit findings of Marshall & Moss Payroll Compliance Services, LLC; and the audit report, detailing those findings. (Docket No. 6) I found that the declaration of Plaintiffs' attorney failed to allege any "personal knowledge of the documents on which th[e] audit report

3

was based and d[id] not bear the sworn imprimatur of the custodian of th[ose] documents." As one court in this District has stated, "[t]he absence of an affidavit by a person with actual knowledge of the facts, supported by appropriate documentation, deprives the court of the ability to make an independent assessment of the damages to be awarded." LaBarbera v. Rockwala, Inc., No. 06 CV 6641 (CPS) (VVP), 2007 WL 3353869, at *6 (E.D.N.Y. Nov. 8, 2007) (denying application for damages in ERISA action where only submission in support thereof was attorney affirmation) (citation omitted); see Haines v. Cayuga Millwork, Inc., No. 06 CV 58 (NAP) (DEP), 2007 WL 2874467, at *3 (N.D.N.Y. Sept. 27, 2007) (introduction, through plaintiffs' counsel, of facts and documents on which plaintiffs' calculation of damages rests is insufficient to require entry of damages). Accordingly, I recommended denying Plaintiffs' application for damages with leave to renew "upon an appropriate affidavit or affidavits by people with actual knowledge who can properly authenticate the funds' damages and the records." See LaBarbera, 2007 WL 3353869, at *6.

With their current application for damages, Plaintiffs submit the affidavit of Thomas Lane ("Lane"), the President of the Tile, Marble & Terrazzo Local No. 7 of N.Y. & N.J. BAC (the "Union") and trustee of the Local 7 Benefit Funds. Plaintiffs additionally submit the exhibits attached to their prior application. Lane states that based on his position and duties as President of the Union and trustee of the Local 7 Benefit Funds, he has personal knowledge about the terms of the CBA, City Tile's obligations as a party thereto, and the audit conducted in June 2009, which found that City Tile owed $65,759.49 in delinquent contributions, interest, liquidated damages, and audit costs for the period of January 2008 through December 2008. (Docket No. 13) Furthermore, Lane states that based on his own discussions with the auditor and review of the audit, as well as his personal knowledge of the covered work performed by City Title, he believes that the calculations of the audit report are accurate. Lane's affidavit

4

demonstrates personal knowledge of the documents on which the audit report was based—information which was lacking in Plaintiffs' initial application. Moreover, the CBA and the audit report findings annexed to Lane's affidavit provide support for his factual statements. See LaBarbera, 2007 WL 3353869, at *5.

Therefore, I find that the documents submitted by Plaintiff constitute sufficient evidence upon which to form the basis for an award of damages against City Tile, in the total amount of $65,759.45. This represents the full amount requested by Plaintiffs in the following categories:

(a) $49,835.59 in delinquent contributions from January 2008 through December 2008;[1]

(b) $1,245.89 in interest on the delinquent contributions;[2]

(c) $8,972.97 in liquidated damages;[3] and

(d) $5,705.00 in audit costs.[4]

II.  *Attorneys' Fees*

In this Circuit, a party seeking attorneys' fees is required to submit records adequate to enable the Court to determine whether the fee is reasonable. See generally New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir.1983); see also Cent. New York Laborers' Health and Welfare, Pensions, Annuity and Training Funds v. Five Star Constr. Servs., Inc., No. 09 CV 509 (GTS) (GJD), 2010 WL 2545151, at *3 (N.D.N.Y. Jun. 18, 2010). "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work

---

[1] See 29 U.S.C. 1132 § (g)(2)(A).
[2] See 29 U.S.C. 1132 § (g)(2)(B).
[3] See 29 U.S.C. 1132 § (g)(2)(C).
[4] Pursuant to the CBA, Plaintiffs are entitled to the full cost of an audit of an employer more than three (3) months delinquent in excess of one thousand dollars ($1,000). (Docket No. 13-2, Ex. A; Art. IX, § 3(M) of the CBA)

done.'" Sheet Metal Workers Nat'l Pension Fund v. Skye Sheet Metal, Inc., No. 08 CV 1315 (DRH) (AKT), 2010 WL 3119783, at *9 (E.D.N.Y. Jun. 22, 2010) (internal quotation omitted). Then, the Court must determine the reasonableness of the fee, considering, among other factors, the time and labor required, the complexity of the case, awards in similar cases and the experience and reputation of the attorneys. See, e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany County Bd. of Elections, 522 F.3d 182, 183–84 (2d Cir.2008). "When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the Court's discretion to reduce the requested rate." Trustees of the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund and Training Prog. Fund v. Stevenson Contracting Corp., No. 05 CV 5546 (GBD) (DF), 2008 WL 3155122, at *10–11 (S.D.N.Y. Jun. 19, 2008).

Here, Judy Wong ("Wong"), counsel for Plaintiffs, filed a declaration in support of the motion for fees, to which timekeeping records for the two attorneys and one paralegal are attached. (Docket No. 13-2) Wong's firm charged $200 per hour for her services, as well as $200 for those of Myriam Elamraoui, another attorney who billed hours on this case. Wong is a 1997 law graduate with extensive ERISA experience, and Elamraoui is a 2009 graduate. The firm charged $90 per hour for the services of the paralegal assigned to the matter. I find these amounts to be reasonable hourly rates and also find that the 11.25 total hours billed by the firm to be within a reasonable range for an ERISA-based default judgment action. See Finkel v. Triple A Group, Inc., 708 F.Supp.2d 277, 290–1 (E.D.N.Y.2010) ($200–225 per hour a reasonable fee in ERISA action resolved on motion for default judgment); Finkel v. Jones Lang LaSalle Americas, Inc., No. 08 CV 2333(RRM) (RML), 2009 WL 517869, at *5 (E.D.N.Y. Dec. 30, 2009) (finding reasonable a $225–235 hourly fee for associates); Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co., No. 07 CV 2005 (CPS), 2008 WL 552860, at

*7–8 (E.D.N.Y. Feb.27, 2008) (approving fee of $250 per hour for senior associate with 13 years ERISA experience); see also Weather v. City of Mount Vernon, No. 08 CV 192 (RPP), 2011 WL 2119689, at *4 (May 27, 2011) ($125 per hour rate reasonable for paralegal services). Plaintiffs additionally seek $434.33 in legal costs, representing the $350 filing fee and $84.33 in service fees, both of which, based on the submissions, are reasonable and compensable. 29 U.S.C. 1132 § (g)(2)(D). Therefore, I recommend that attorneys' fees and costs be awarded in the amounts of $1,964.00 and $434.33, respectively.

## CONCLUSION

For the foregoing reasons, I recommend granting Plaintiffs' motion for damages in the amount of $65,759.45. I further recommend granting Plaintiffs' motion for attorneys' fees and costs in the amounts of $1,964.00 and $434.33, respectively.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation. Such objections shall be filed on ECF and directed to the assigned District Judge. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

**SO ORDERED**
**Dated: December 6, 2011**
**Brooklyn, New York**

/s/ ALC
_____
**ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**